## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **JOHN JOSEPH TATAR,** | ) | **CASE NO. 4:20-cv-12287** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT**[1] |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **WILLIAM R. MAYER, _et al._,** | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### Introduction and Background

Plaintiff John Joseph Tatar, proceeding _pro se_, has filed a complaint in this action against IRS employees William R. Mayer and James Little, Office of Retirement Services (ORS) employee Phil Stoddard, United States District Court Judges Marianne O. Battani and Linda V. Parker, United States Magistrate Judge David R. Grand, Civil Chief in the U.S. Attorney's Office for the Eastern District of Michigan Elizabeth Laurin, and Assistant U.S. Attorney General Lauren E. Hume. (ECF No. 1.) His complaint pertains to the IRS's collection of his unpaid federal income taxes for multiple tax years and to two prior cases he brought challenging the IRS's collection of his taxes.

In _John J. Tatar v. William R. Mayer, et al._, Case No. 2: 12-14814 (E.D. Mich.), Tatar sued multiple defendants (including defendants Mayer and Little, the ORS, and other entities and agencies) under 42 U.S.C. § 1983, claiming the defendants violated his rights and the federal tax

---

[1]Designated to hear this case by order of Chief Judge R. Guy Cole, Jr., of the Sixth Circuit Court of Appeals. (ECF No. 12.)

code through their conduct in determining that he owed taxes and in collecting his taxes pursuant to IRS levies. Afer the defendants filed motions to dismiss, Judge Battani dismissed Tatar's action against all of the defendants. Judge Battani ruled that Tatar failed to state any plausible claim for relief against Mayer and Little in connection with the IRS's determination that he owed taxes, and that the other defendants were immune from liability for any act taken in compliance with an IRS notice of levy. Additionally, the Judge found Tatar's claims against ORS, an arm of the State of Michigan, barred by the Eleventh Amendment.

The Sixth Circuit affirmed Judge Battani's judgment on appeal. *See Tatar v. William R. Mayer, et al.*, No. 13-2395 (6th Cir. Oct. 31, 2014.)

Tatar filed another lawsuit concerning the collection of his taxes on August 29, 2016, when he sued the United States. In *John Joseph Tatar v. United States of America*, Case No. 4: 16-13117 (E.D. Mich.), Tatar sought injunctive relief and a refund of amounts levied by the IRS to satisfy his federal income tax liabilities. Magistrate Judge Grand, to whom the case was referred for pretrial supervision, issued a Report and Recommendation on July 7, 2017, recommending that the district court grant a motion by the government to dismiss the case. The Magistrate Judge found that the Anti-Injunction Act and Declaratory Judgment Act deprived the district court of jurisdiction to grant the injunctive or declaratory relief Tatar sought; that his claims for a refund for tax years 1997 through 2010 were barred by sovereign immunity; and that he failed to state a plausible claim for relief with respect to the only tax period (*i.e.*, 1996) for which he even arguably satisfied jurisdictional prerequisites. Judge Parker adopted the Magistrate Judge's R&R and dismissed the case. *John Joseph Tatar v. United States of America*, Case No. 16-13117, 2017 WL 3581561 (E.D. Mich. Aug. 18, 2017).

The Sixth Circuit subsequently affirmed this dismissal as well. *John J. Tatar v. United States of America*, No. 17-2088, 2018 WL 2247497 (6th Cir. Apr. 24, 2018).

In his complaint in this case, Tatar now seeks monetary relief from the individual judicial officers and federal lawyers involved in his prior dismissed cases, and employees of the IRS and ORS, contending they are "public functionaries" who usurped their authority and violated his rights in connection with his prior lawsuits and the collection of his unpaid taxes. (*See* ECF No. 1 at 4, ¶ 6.) Although his complaint is lengthy and difficult to parse, at bottom he contends Magistrate Judge Grand and Judges Battani and Parker violated his rights in dismissing his prior complaints; IRS employees Mayer and Little wrongly determined he owed taxes and pursued his unpaid tax liability; ORS employee Stoddard wrongly turned his retirement money over to the IRS pursuant to levies issued by the IRS; and Larin and Hume violated his rights in connection with their representation of the government in his lawsuits.

### Standard of Review and Discussion

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the lenient treatment generally accorded *pro se* pleadings "has limits," and *pro se* plaintiffs are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

District courts, moreover, are courts of limited jurisdiction, and a district court may *sua sponte* dismiss any complaint for lack of subject matter jurisdiction when the court determines that the allegations of the complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Sua*

*sponte* dismissal of a fee-paid complaint is appropriate without affording the plaintiff an opportunity to amend where the plaintiff's claims "lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480.

The Court finds that the plaintiff's complaint warrants dismissal pursuant to *Apple v. Glenn.*

"It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988), citing *Pierson v. Ray*, 386 U.S. 547, 553 (1967). Absolute judicial immunity shields judicial officers from damages suits arising out of the performance of their judicial functions even when they act erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). There are only two sets of circumstances in which a judicial officer is not entitled to immunity. A judge is not immune from liability for "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or for actions "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

The plaintiff's action as against Magistrate Judge Grand and Judges Battani and Parker clearly pertains to conduct occurring during the performance of their official judicial functions in connection with the plaintiff's prior, dismissed lawsuits and as to which they are all absolutely immune from a damages suit. The plaintiff does not allege facts plausibly suggesting that any of the defendant judicial officers took action falling outside of the scope of their absolute judicial immunity.

The plaintiff's complaint is also devoid of merit to the extent he seeks damages against the United States, its agencies, or its employees. The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941).

-4-

The United States has not consented to suit for violations of federal rights under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994). In *Bivens*, the Supreme Court found that the Fourth Amendment constituted a waiver of sovereign immunity in actions against federal officers sued in their individual capacities. But since *Bivens* was decided, the Supreme Court has recognized *Bivens* claims against individual federal employees in only two other contexts: (1) in a Fifth Amendment gender-discrimination case, *Davis v. Passman*, 442 U.S. 228 (1979); and (2) in a failure to provide medical treatment Eighth Amendment case, *Carlson v. Green*, 446 U.S. 14 (1980). The Supreme Court has now made it clear that federal courts should refrain from extending *Bivens* outside of the three specific contexts in which it has already been applied. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1855 (2017) (reasoning that Congress provided a specific damages remedy for plaintiffs whose constitutional rights were violated by state officials through 42 U.S.C. § 1983, but did not provide a corresponding remedy for constitutional violations by federal officials).

Here, the plaintiff's claims clearly do not fit within the specific contexts that have been recognized for *Bivens* suits, and there is no basis to imply a cause of action against any of the individual federal defendants under *Bivens*.

Finally, the plaintiff's complaint is devoid of merit and barred to the extent it raises claims already decided in his prior dismissed lawsuits. Under the doctrine of *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). A four-part test applies in determining whether an action is barred. *Res judicata* applies where there is "(1) a final decision on the merits by a court of competent jurisdiction; (2) a

subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

As set out above, the plaintiff has already asserted, and lost, claims he brought in federal court against IRS employees, the ORS, and the United States in connection with the IRS's determination that he owed taxes and for conduct taken in collecting the taxes, including complying with IRS levies. Accordingly, this action is barred to the extent the plaintiff is seeking to raise claims relating to these same matters against parties and their privies (*i.e.*, defendants Little, Mayer, and Stoddard) involved in his prior dismissed suits.

### Conclusion

For the foregoing reasons, the plaintiff's complaint lacks the legal plausibility necessary to invoke federal subject matter jurisdiction as to any federal claim against any defendant in the case, and is dismissed pursuant to the Court's authority established in *Apple v. Glenn*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: October 5, 2020